# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3791

_____

United States of America,                    *
                                             *
              Appellee,                      *      Appeal from the United States
                                             *      District Court for the District
       v.                                    *      of Nebraska.
                                             *
Uriel Carranza,                              *          [UNPUBLISHED]
                                             *
              Appellant.                     *

_____

Submitted:  May 13, 2002

Filed:  May 20, 2002

_____

Before McMILLIAN, FAGG, and MELLOY, Circuit Judges.

_____

PER CURIAM.

       California resident Uriel Carranza was indicted with eight other persons for
conspiracy to distribute methamphetamine, marijuana and cocaine, after
coconspirators arrested in Iowa identified Carranza as their source. Law enforcement
officers from Iowa traveled to California and arrested Carranza. After the arrest,
officers read Carranza standard Miranda warnings in English and in Spanish.
Carranza questioned the officers in Spanish about the reason for his arrest, but asked
no questions about his rights. Carranza then volunteered that he had sold 330 pounds
of marijuana, but denied involvement in cocaine or methamphetamine trafficking.

Before trial, Carranza moved to suppress his statements. The district court[*] denied Carranza's motion, finding that Carranza had been adequately advised of his Sixth Amendment right to counsel, and his Fifth Amendment rights, and that he voluntarily waived those rights.

The government presented testimony by four coconspirators and several law enforcement officers. Over Carranza's objections, two coconspirators testified at trial about Carranza's drug trafficking activities as told to them by two other coconspirators who had not yet been apprehended, so were not available to testify directly. The jury convicted Carranza of conspiracy to distribute methamphetamine, cocaine, and marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2 (1994, Supp. V 1999). The district court[**] sentenced Carranza to 264 months imprisonment. Carranza now appeals. Having carefully reviewed the record and the parties' submissions, we affirm.

Carranza contends that his waiver and confession were not voluntary but coerced and that his motion to suppress should have been granted. We review the district court's factual findings for clear error and the denial of the motion to suppress de novo. United States v. Green, 275 F.3d 694, 698 (8th Cir. 2001). "[C]oercive police activity is a necessary predicate to the finding that a confession is not 'voluntary.'" Colorado v. Connelly, 479 U.S. 157, 167 (1986). A confession is voluntary if, in light of the totality of the circumstances, the suspect's will is not overborne. United States v. Cody, 114 F.3d 772, 776 (8th Cir. 1997). According to the court's findings, there was no confusion about the nature of the arrest, Carranza

---

[*]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska adopting the report and recommendations of the Honorable Kathleen A. Jaudzemis, United States Magistrate Judge for the District of Nebraska.

[**]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

did not request an attorney nor did he request that questioning cease, and the police made neither promises nor threats. Carranza's only complaint was that his handcuffs were too tight; the police promptly loosened the cuffs. The court noted that although Carranza was arrested in a police-dominated atmosphere, having been apprehended and handcuffed at gunpoint, Carranza was adequately advised of his Miranda rights in both English and Spanish, and voluntarily chose to waive his rights. Further, the court found that Carranza was not under the influence of any mind-altering substances, he appeared to be of average intelligence, he was detained for a short period of time, and he waived his rights almost immediately after being advised of them. The court found no evidence of coercion, physical intimidation, or punishment by the police. We find no error in the court's factual findings and agree Carranza's statement was thus admissible.

Carranza next contends that the district court impermissibly admitted hearsay testimony when two coconspirators were permitted to testify about some of Carranza's drug trafficking activities that witnesses had learned about from other coconspirators. Coconspirator statements, however, are admissible under Federal Rule of Evidence 802(d)(2)(E) if the government proves by a preponderance of the evidence that (1) a conspiracy existed; (2) both the declarants and the defendant were members of the conspiracy; and (3) the declarants made the statement in furtherance of the conspiracy. United States v. Frazier, 280 F.3d 835, 848 (8th Cir. 2002). After carefully reviewing the record, we are satisfied that the district court did not abuse its discretion in admitting the challenged statements. Id. The jury found a conspiracy existed, the declarants and Carranza were each indicted members of the same conspiracy, and the challenged statements described Carranza's conspiracy-related activities to other members of the conspiracy. Coconspirators' statements that discuss the supply source for the illegal drugs or a coconspirator's role in the conspiracy are considered to be statements made in furtherance of the conspiracy. United States v. Arias, 252 F.3d 973, 977 (8th Cir. 2001).

Finally, Carranza contends that the district court overestimated drug quantity at sentencing. We review a district court's drug quantity determination for clear error, and reverse the determination only if the entire record definitely and firmly convinces us that a mistake has been made. Frazier, 280 F.3d at 851-52. The district court determined that 30,000 kilograms of marijuana were attributable to Carranza, placing him at base offense level 38. Carranza argues that his base offense level should have been 36 and complains that coconspirator testimony about drug quantity was suspect because the witnesses had incentive to lie in order to receive decreased sentences. We disagree. The district court's drug quantity estimates were reasonable and directly supported by testimony of coconspirators. Id. at 852. The district court took judicial notice of trial testimony at sentencing, accepting the drug quantities described at trial. The court found that to calculate drug quantity otherwise would discount testimony of witnesses the jury chose to believe. "'We are particularly hesitant to find clear error in the district court's findings of fact where those findings are based on determinations of witness credibility.'" United States v. Causor-Serrato, 234 F.3d 384, 390 (8th Cir. 2000) (quoting United States v. Johnston, 220 F.3d 857, 863 (8th Cir. 2000)), cert. denied, 532 U.S. 1072 (2001). The district court is best able to assess witness credibility and that determination is "virtually unassailable on appeal." Id.

We affirm Carranza's conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-